___



**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: October 23, 2020**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | |
| HERITAGE REAL ESTATE INVESTMENT, INC., | CASE NO. 14-03603-NPO |
| DEBTOR. | CHAPTER 7 |
| WILLIAM HARRISON, THE ESTATE OF BRUCE L. JOHNSON, AND MICHAEL L. KING | PLAINTIFFS |
| VS. | ADV. PROC. NO. 20-00029-NPO |
| HERITAGE REAL ESTATE INVESTMENT, INC. AND J. STEPHEN SMITH, CHAPTER 7 TRUSTEE | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER:  (1) DENYING *ORE TENUS* MOTION TO STAY ADVERSARY; (2) GRANTING J. STEPHEN SMITH, TRUSTEE OF THE ESTATE OF HERITAGE REAL ESTATE INVESTMENT, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b)(6); (3) SETTING ASIDE ORDER HOLDING IN ABEYANCE MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; AND (4) DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT**

This matter came before the Court for hearing on October 20, 2020 (the "Hearing") on the *ore tenus* request to stay the above-referenced adversary proceeding (the "*Ore Tenus* Motion to Stay") made jointly by the plaintiffs, William Harrison, the Estate of Bruce L. Johnson, and Michael L. King (the "Plaintiffs"), and the defendant, J. Stephen Smith, the chapter 7 trustee (the "Trustee") of the estate of Heritage Real Estate Investment, Inc. ("Heritage"); J. Stephen Smith,

Trustee of the Estate of Heritage Real Estate Investment, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) (the "Motion to Dismiss") (Adv. Dkt. 8)[1] filed by the Trustee; the Response to the Trustee's Motion to Dismiss (the "Response") (Adv. Dkt. 13) filed by the Plaintiffs; and the Reply to Plaintiff's Memorandum Brief in Support of Response to Trustee's Motion to Dismiss (the "Reply") (Adv. Dkt. 16) filed by the Trustee.  At the Hearing, Jim F. Spencer, Jr. represented the Trustee, and Jeff D. Rawlings represented the Plaintiffs.  After considering the pleadings and arguments of counsel, the Court finds as follows: [2]

## Jurisdiction

The Court has jurisdiction over the parties to and subject matter of pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).  Notice of the Hearing was proper under the circumstances.

## Facts

For purposes of the Motion to Dismiss, the Court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.  *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

1.      On August 25, 2011, the Plaintiffs obtained a default judgment (the "Alabama Default Judgment") against Heritage Real Estate Investment, Inc. ("Heritage"), Alabama-Mississippi Farm, Inc. ("AL-MS Farm"), Luke Edwards, and Apostolic Advancement Association in the Circuit Court of Greene County, Alabama, in the amount of $6,599,648.00.  (Adv. Dkt. 1 at

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above referenced adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. #)"; and (2) citations to docket entries in the above-referenced bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. #)".

[2] The Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

2). The Alabama Default Judgment was recorded in the records of the Probate Office of Sumter County, Alabama on December 26, 2013. (*Id*.).

2. On June 18, 2014, the Plaintiffs, along with two other parties, filed the Complaint for Fraudulent Transfer of Real Estate and for an Injunction in the Circuit Court of Sumter County, Alabama (the "Alabama Litigation") to set aside conveyances of fourteen (14) parcels of property from Heritage to a related entity, Dynasty Group, Inc. ("Dynasty"). (Adv. Dkt. 1, Ex. A).

**Bankruptcy Case**

3. On November 6, 2014, Heritage filed a petition for relief under chapter 11 of the U.S. Bankruptcy Code (the "Code"). (Bankr. Dkt. 1). On January 21, 2015, the Court converted the Bankruptcy Case to chapter 7 (Bankr. Dkt. 75) and appointed the Trustee to administer Heritage's bankruptcy estate.

**Adjudication of Proofs of Claim**

4. On May 21, 2015, Bruce L. Johnson ("Johnson") filed a proof of claim on behalf of himself, Michael L. King ("King"), and William Harrison ("Harrison") asserting a secured claim in the amount of $9,094,862.00 ("POC 11") (Bankr. Cl. 11-1). The basis for POC 11 was the Alabama Default Judgment. The claim was purportedly secured by "Default Judgments." (Bankr. Cl. 11-1).

5. That same day, on May 21, 2015, Harrison filed a proof of claim on behalf of "Johnson, et al" asserting a secured claim in the amount of $9,094,862.00 ("POC 13") (Bankr. Cl. 13-1). The basis for POC 13 was also the Alabama Default Judgment. The claim was purportedly secured by the "Judgment." (Bankr. Cl. 13-1). Johnson attached a copy of POC 13 to POC 11. (Bankr. Cl. 11-1).

6.	On November 10, 2017, the Trustee filed the Trustee's Objection to Proof of Claim No. 11 Filed by Bruce L. Johnson (the "Trustee's Objection to POC 11") (Bankr. Dkt. 308), asserting that POC 11 was a duplicate of POC 13 and should be disallowed.  On November 13, 2017, the Trustee filed the Trustee's Objection to Proof of Claim No. 13 Filed by William Harrison on Behalf of Johnson, *et al*. ("Trustee's Objection to POC 13") (Bankr. Dkt. 309), asking that POC 13 be allowed as a general unsecured claim in the amount of $8,047,163.52.  The Trustee stated that he was unaware of any basis for POC 13 to be allowed as a secured claim and disputed the amount of the claim asserted by Harrison.  Further, the Trustee asserted that a claim on behalf of the Plaintiffs also had been filed in the bankruptcy case of AL-MS Farm, thus "[a]ny disbursement of funds from this case to the parties, or from the AL-MS [Farm bankruptcy] case should be applied to the balance owed under the [Default] Judgment, in order to prevent any duplication of recovery on behalf of Johnson, Harrison, and King." (Bankr. Dkt. 309).  The Trustee further noted that any disbursement made to the Plaintiffs should "be made in equal shares of one-third (1/3) of the total disbursement." (*Id.*).

7.	On December 11, 2017, Harrison filed the Response of William Harrison to Trustee's Objection to Proof of Claim No. 13 (the "Harrison Response to Trustee's Objection to POC 13") (Bankr. Dkt. 312), asserting that POC 13 "is identical in all respects to claim no. 2 filed in [the AL-MS Farm bankruptcy case] and should be allowed in the same amount." (Bankr. Dkt. 312).  Harrison did not object to the Trustee's proposal to treat POC 13 as a general unsecured claim, and he "request[ed] that the claim evidenced by the [Default] Judgment be separated into 3 separate and equal claims" with respect to the Plaintiffs.  (*Id.*)

8.	The Court held a hearing on January 10, 2018 on the Trustee's Objection to POC 11, the Trustee's Objection to POC 13, and the Harrison Response to Trustee's Objection to POC

13. Thereafter, on March 29, 2018, the Court entered an order (the "POC Order") (Bankr. Dkt. 342) sustaining the Trustee's objections to POC 11 and POC 13. The Court disallowed POC 11 entirely and allowed POC 13 as an unsecured claim. The Court disallowed POC 11 because Johnson did not disagree with or otherwise rebut the Trustee's assertion that POC 11 duplicated POC 13. The Court sustained the Trustee's Objection to POC 13 because Harrison did not otherwise object to the Trustee's calculation of the claim or the Trustee's proposal to treat POC 13 as a general unsecured claim. The POC Order was not appealed.

**Alabama Litigation**

9. On September 16, 2015, the Trustee was substituted for Heritage as a plaintiff in the Alabama Litigation, and the Plaintiffs were dismissed without prejudice. (Adv. Dkt. 8, Ex. 1). On April 25, 2019, the Circuit Court of Sumter County, Alabama entered its Final Judgment (the "Alabama Fraudulent Conveyance Judgment") on the jury verdict in favor of the Trustee and Heritage, setting aside the conveyances of fourteen (14) parcels of property to Dynasty, stating: "The titles to the properties described in the fourteen (14) quitclaim deeds, as more particularly described as follows, shall be, and are hereby re-vested in HERITAGE REAL ESTATE INVESTMENT, INC., effective as of the date of the final judgment." (Adv. Dkt. 1, Ex. C). Dynasty appealed the Alabama Fraudulent Conveyance Judgment to the Alabama Supreme Court, which affirmed the trial court on July 10, 2020. (Adv. Dkt. 1, Ex. D). The Alabama Supreme Court certified its ruling on July 28, 2020. (Adv. Dkt. 8, Ex. B).

**Adversary**

10. On August 20, 2020, the Plaintiffs initiated the Adversary by filing the Complaint for Declaratory Judgment, to Determine Extent, Validity, and Priority of Liens and For Other Relief (the "Complaint") (Adv. Dkt. 1) seeking to have their claim, POC 13 declared secured by

the fourteen (14) parcels of property recovered by the Trustee and Heritage in the Alabama Litigation.

11. On September 1, 2020, the Trustee filed the Motion to Dismiss seeking the dismissal of the Complaint on the ground the Plaintiffs' claims are barred by the doctrine of *res judicata*. On September 22, 2020, the Plaintiffs filed the Response; and on September 30, 2020, the Trustee filed the Reply.

12. At the Hearing, the Plaintiffs and the Trustee announced a proposed "settlement" of the Adversary. They asked the Court to stay the Adversary to allow them additional time to consider whether they wished to proceed. Because the proposal did not resolve the claims asserted by the Plaintiffs in the Complaint, either in whole or in part, the Court viewed the "settlement" as an *ore tenus* motion to stay the Hearing. *See* SETTLE, BLACK'S LAW DICTIONARY (10th ed. 2014). For the reasons discussed below, the Court denied the *Ore Tenus* Motion to Stay and proceeded to hear the Motion to Dismiss.

## Discussion

### A. *Ore Tenus* Motion to Stay

On October 5, 2020, the Trustee filed the Motion for Approval of Auction Contract/Proposal, Sale of Property, Free and Clear of Liens and Auctioneer's Fees and Expenses (the "Sale Motion") (Bankr. Dkt. 497) in the Bankruptcy Case. In the Sale Motion, which has been noticed for a hearing on November 3, 2020, the Trustee seeks permission to sell two (2) of the fourteen (14) parcels of property recovered as a result of the Alabama Litigation. At the Hearing, the Plaintiffs and the Trustee jointly asked the Court to stay the Adversary until after the auction sale. The parties notified the Courtroom Deputy the day of the Hearing, October 20, 2020, that they intended to request a stay of the Adversary. The Hearing had been noticed since

September 1, 2020. (Adv. Dkt. 10). The basis for the parties' request was their concern that the auction sale of the two (2) parcels may not yield sufficient proceeds to justify the cost of litigating the status of the Plaintiffs' claim.

To the extent that the parties sought to delay the Court's ruling on the Motion to Dismiss, the Court denied the *Ore Tenus* Motion to Stay at the Hearing. The issue of *res judicata* raised by the Trustee in the Motion to Dismiss had been briefed fully by the parties as of the date of the Hearing and, therefore, was ripe for adjudication by the Court. Nothing else remained to be done that might increase the parties' litigation costs. Moreover, the Court was not persuaded that any circumstances either in factual conditions or in the law might change significantly between the date of the Hearing and the auction sale (assuming the Sale Motion is approved). Most importantly, this Bankruptcy Case has been pending for six (6) years and along with the related bankruptcy case of AL-MS Farm has generated a tremendous amount of litigation in this Court, the Alabama state courts, the Mississippi federal district courts, and the Fifth Circuit Court of Appeals. It is time to bring all the matters in the Bankruptcy Case and the related bankruptcy case of AL-MS Farm to a conclusion without further delay. Accordingly, the Court denied the *Ore Tenus* Motion to Stay without prejudice to the ability of the parties to request another stay should the Court deny the Motion to Dismiss.

**B.     Motion to Dismiss**

As a preliminary matter, the Court notes that the Trustee moves to dismiss the Adversary on the ground that the Plaintiffs' claims are barred by *res judicata* even though "res judicata" is not listed among the defenses to a claim for relief that may be asserted in a motion filed under Rule

12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[3] Instead, *res judicata* is listed among the affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure ("Rule 8(c)")[4] that generally must be pled in the answer to a complaint. *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017). The Fifth Circuit, however, has found that "a technical failure to strictly comply with Rule 8(c) does not forfeit the affirmative defense of *res judicata* when it is raised . . . in a manner that does not result in unfair surprise." *Id.* (internal quotation & citation omitted). Thus, a finding of *res judicata* is appropriate on a motion to dismiss when the *res judicata* bar is apparent from the face of the pleadings and judicially-noticed facts. *See Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.").

Here, the Complaint refers to the POC Order, and the Plaintiffs ask the Court to enter a judgment declaring that they now hold a secured claim previously adjudicated to be unsecured in the POC Order. (Adv. Dkt. 1). Because of this reference to the POC Order, the elements of *res judicata* appear on the face of the Complaint. Accordingly, the Court finds that the Trustee's affirmative defense may be considered under Rule 12(b)(6). *See In re McCoy*, No. 07-02998-NPO, 2020 WL 718266, at *8 (Bankr. S.D. Miss. Feb. 3, 2020) (citing *Hall*, 305 F. App'x at 227-28; *St. Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL

---

[3] Rule 12(b)(6) is made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

[4] Rule 8 is made applicable to adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure.

3135574, at *3 n.3 (N.D. Tex. Aug. 1, 2012) (considering the *res judicata* defense in a Rule 12(b)(6) context because "all relevant facts [were] in the record and [were] uncontroverted")).

### 1. Rule 12(b)(6) Standard

The pleading standards that apply to a Rule 12(b)(6) motion to dismiss arise out of the requirement in Rule 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that to survive such a motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court described application of the "plausibility" standard in *Twombly* as a two-part analysis.

First, a court should identify those allegations in the complaint that, unlike non-conclusory, factual allegations, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted). Second, a court should determine whether the non-conclusory factual allegations in the complaint plausibly suggest a claim for relief. *Iqbal*, 556 U.S. at 679. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

### 2. *Res Judicata* Standard

The Fifth Circuit "has previously recognized the important interest in the finality of judgments in a bankruptcy case." *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 739 (5th Cir. 1993) (internal citation omitted). To promote that interest, the Fifth Circuit applies

a traditional test for *res judicata* in the bankruptcy context: "An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to relitigate any of the matters that were raised or *could have been raised* therein is barred under the doctrine of *res judicata*." *Id.* (internal citations omitted). As the Fifth Circuit explained, the doctrine of *res judicata* serves the purpose of restraining litigious plaintiffs from taking more than "one bit of the apple," and that "in the bankruptcy context, especially a chapter 7 liquidation, that bite is to be taken as expeditiously and economically as possible to try to ensure, *inter alia*, that creditors get their share." *Id.* at 741.

A bankruptcy judgment bars a subsequent suit if: (1) both cases involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same claim or cause of action is involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The elements of *res judicata* are not in dispute. First, the Plaintiffs and the Trustee are identical to the parties in the POC Order. Second, the POC Order was entered by this Court, which is a court of competent jurisdiction. Third, the POC Order constitutes a final judgment on the merits for *res judicata* purposes. "[F]inal bankruptcy orders (i.e. orders that are affirmed upon direct review, or, as in this case, not appealed or contested) become '*res judicata* to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Okla. State Treasurer v. Linn Operating, Inc. (In re Linn Energy, L.L.C.)*, 927 F.3d 862, 866 (5th Cir. 2019) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009)). The fourth requirement for *res judicata* to apply—that the same claim or cause of action was involved in both actions—likewise is not in dispute because both the Adversary and the POC Order involve the

same claim. Thus, the doctrine of *res judicata*, if applied, would prevent the re-litigation of the claims. *See Reach, Inc. v. Smith (In re Alabama-Mississippi Farm Inc.)*, 791 F. App'x 466, 470 (5th Cir. 2019) (holding that creditor could not collaterally attack order disallowing its secured proof of claim by prosecuting an adversary proceeding). The Plaintiffs, however, rely upon an exception to the doctrine found in 11 U.S.C. § 502(j)[5] and Rule 3008 of the Federal Rules of Bankruptcy Procedure ("Rule 3008").[6]

### 3. Section 502(j) & Rule 3008

The Plaintiffs assert that pursuant to Rule 3008, their claims "should be allowed as a secured claim secured by a lien against 14 parcels." (Adv. Dkt. 1 at 3). They argue that their claims may be reclassified pursuant to § 502(j). Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." FED. R. BANKR. P. 3008. Citing the advisory committee's note to Rule 3008, the Plaintiffs contend that "Rule 3008 expands § 502(j)." (Dkt. 14 at 1). Section 502(j) provides, in pertinent part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case.'" (*Id.*) The Plaintiffs rely on *In re Tucker*, 500 B.R. 457 (Bankr. N.D. Miss. 2013) and *In re Anderson*, 545 B.R. 174 (Bankr. N.D. Miss. 2015) in support of their position.

The Plaintiffs' reliance on the advisory committee's note to Rule 3008 and on *Tucker* and *Anderson* is misplaced. The advisory committee's note reads, in pertinent part, as follows: "The rule expands § 502(j) which provides for reconsideration of an allowance only before the case is

---

[5] Hereinafter, all references to code sections are to the U.S. Bankruptcy Code found at title 11 of the U.S. Code.

[6] Hereinafter, all rules refer to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.

closed." FED. R. BANKR. P. 3008 advisory committee's note (1983). The 1984 amendments to the Bankruptcy Code, however, deleted the requirement from § 502(j) that reconsideration take place "[b]efore a case is closed." 4 COLLIER ON BANKRUPTCY ¶ 502.11[2]. Thus, the inconsistency between § 502(j) and Rule 3008 that led the advisory committee to conclude that Rule 3008 expands the statute no longer exists.

Moreover, in *In re Tucker* and *In re Anderson*, the creditors had valid secured claims—the only question was whether the debtors could modify their chapter 13 plans post-confirmation by surrendering collateral in partial satisfaction of a creditor's secured claim and having any deficiency treated as unsecured. *See In re Tucker*, 500 B.R. at 459; *In re Anderson*, 545 B.R. at 175. Both cases addressed § 502(j) where the claim reconsideration was tied to the surrender of collateral. *Id.* Here, the Plaintiffs seek to change the status of their claims from unsecured to secured based upon the Alabama Fraudulent Conveyance Judgment rather than on the surrender of any collateral.

The Court notes at the outset that § 502(j) "was never designed to serve as a substitute for an appeal." *In re Immenhausen Corp.*, 166 B.R. 449, 451 (Bankr. M.D. Fla. 1994). The power to reconsider the allowance or disallowance of a claim for cause based on § 502(j) and Rule 3008 should not be used to encourage parties to avoid the usual rules for finality of contested matters. *See Nat'l Bank of Tex. v. W. Tex. Wholesale Supply (In re Colley)*, 814 F.2d 1008 (5th Cir. 1987).

Section 502(j) permits a reconsideration of an allowed or disallowed claim only "for cause." 11 U.S.C. § 502(j). "Cause" is not defined in § 502(j) or in Rule 3008. *In re Coffman*, 271 B.R. 492, 498 (Bankr. N.D. Tex. 2002) (citation omitted). Bankruptcy courts have substantial discretion in deciding what constitutes "cause" for reconsidering a claim pursuant to § 502(j). *See In re Colley*, 814 F.2d at 1010. The standard, however, is not entirely standardless. *In re Davis*,

237 B.R. 177, 182 (M.D. Ala. 1999). Bankruptcy courts are guided by the standard for reconsideration set forth in Federal Rule of Civil Procedure Rule 60(b) ("Rule 60(b)").[7] *In re Colley*, 814 F.2d at 1010-11. Rule 60(b) provides the following "causes" for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b); FED. R. BANKR. P. 9024. The Plaintiffs invoke Rule 60(b)(5) based upon the entry of the Alabama Fraudulent Conveyance Judgment and "the equitable considerations . . . overwhelmingly in favor of the Plaintiffs." (Adv. Dkt. 14 at 4). The Plaintiffs argue that "[p]ursuant to FRCP 60(b)(5), the Court may relieve a party from a final judgment, order or proceeding if applying it prospectively is no longer equitable."[8] (*Id.* at 2).

There are two (2) requirements for obtaining relief from a judgment under Rule 60(b)(5): (1) the judgment has prospective application; and (2) it is no longer equitable that it should so operate. *Kirksey v. City of Jackson*, 714 F.2d 42, 43 (5th Cir. 1983); s*ee also Moody v. Empire Life Ins. Co. (In re Moody)*, 849 F.2d 902, 906 (5th Cir. 1988). A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative. *Id.* (internal citations omitted). That a court order has continuing consequences, however, does not necessarily mean that it has "prospective application" for purposes of Rule 60(b)(5).

---

[7] Rule 60 is made applicable to adversary proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

[8] Motions brought under § 502(j) following an adversary proceeding or contested matter are subject to the time limitations of Rule 60(b). *Pleasant v. TLC Liquidation Tr. (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 163 (2d Cir. 2009). While a time limit of one (1) year after the entry of the judgment or order or date of the proceeding applies to motions under Rules 60(b)(1), (2), and (3), no time limit applies to motions under Rules 60(b)(4), (5), and (6). FED. R. CIV. P. 60(c)(1).

*Huddleston v. Whelan (In re Whelan)*, 582 B.R. 157, 173 n.28 (E.D. Tex. 2018) (quoting *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

The allowance or disallowance of a claim is a determination of how much is owed to a creditor and the relative priority of that creditor's claim. *See In re Gluth Bros. Constr. Inc.*, 426 B.R. 771, 780 (Bankr. N.D. Ill. 2010). It is therefore almost identical to a money judgment, which would not constitute a "prospective order" for purposes of Rule 60(b)(5). *In re Whelan*, 582 B.R. at 173. Therefore, because the POC Order has no prospective application, the Court finds that the Plaintiffs have not met the "cause" standard and are ineligible for relief under Rule 60(b)(5) and, accordingly, § 502(j) and Rule 3008 do not apply.

## Conclusion

For the above reasons, the Court concludes that the *Ore Tenus* Motion should be denied. The Court further concludes that the exception to the doctrine of *res judicata* found in § 502(j) and Rule 3008 does not apply. *Res judicata*, therefore, prevents the re-litigation of the POC Claim in the Adversary. The Court emphasizes the important interest of the finality of judgments in a bankruptcy case. *See In re Baudoin*, 981 F.2d at 739. Because the Complaint fails to state a plausible claim in light of *res judicata*, the Motion to Dismiss should be granted, and the Complaint should be dismissed with prejudice.

The dismissal of the Complaint renders the Motion for Summary Judgment (the "Summary Judgment Motion") (Adv. Dkt. 11) filed by the Plaintiffs moot. Accordingly, the Order Holding in Abeyance Motion for Summary Judgment and Memorandum Brief in Support of Motion for Summary Judgment (the "Abeyance Order") (Adv. Dkt. 15) pending the resolution of the Motion to Dismiss should be set aside, and the Summary Judgment Motion should be denied as moot.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the *Ore Tenus* Motion to Stay is hereby denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss is hereby granted, and the Complaint is hereby dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Abeyance Order is hereby set aside, and the Summary Judgment Motion is hereby denied as moot.

A separate final judgment will be entered in accordance with Federal Rules of Bankruptcy Procedure 7054, 7058, and 9021.

##END OF OPINION##